```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                     CLARKSBURG
```

**ROBERT A. MARSH,**

     **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:24-CV-48**
                                                                                      **(KLEEH)**

**J.R. GARRETT,** *individually as a member*
*of the West Virginia State Police*, **et al.,**

     **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTIONS TO DISMISS [ECF NOS. 13, 19]**

Pending before the Court are Defendants' Motions to Dismiss [ECF Nos. 13, 19]. For the reasons discussed herein, the Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART.**

     **I.**     **INTRODUCTION AND PROCEDURAL HISTORY**

On April 30, 2024, Plaintiff, Robert A. Marsh, filed a Complaint in this Court against Defendants, J.R. Garrett, A. Jordan, L. Johnson, and A. Groves, alleging the following causes of actions: Count I: 42 U.S.C. § 1983; Count II: Civil Conspiracy; Count III: Battery; and Count IV: Negligence

On June 13, 2024, Defendants Andrew Jordan, Luke Johnson, and Andrew Groves ("Braxton County Sheriff Department Defendants") moved to dismiss Count I to the extent that the Complaint is brought under the Eighth and Fourteenth Amendments of the United States Constitution, along with Counts II and IV. ECF Nos. 13, 14. On June 25, 2024, Plaintiff filed his response in opposition to

partial dismissal [ECF No. 16] and the Braxton County Sheriff Department Defendants filed their reply in support of dismissal [ECF No. 17] on July 2, 2024.

Additionally, on July 3, 2024, Defendant J.R. Garrett, of the West Virginia State Police, moved to dismiss Count I to the extent it is brought under the Eighth Amendment, along with Counts II and IV. ECF Nos. 19, 20. On July 16, 2024, Plaintiff filed his response in opposition to Garrett's partial dismissal [ECF No. 23] and Garrett filed his reply in support of dismissal [ECF No. 25] on July 22, 2024.

The motions for partial dismissal [ECF Nos. 13, 19] are thus fully briefed and ripe for review.

## II.   FACTUAL BACKGROUND

According to the Complaint [ECF No. 1], on September 17, 2022, Plaintiff Robert A. Marsh ("Plaintiff" or "Marsh") and his girlfriend were at the Rabbit Star Bar in Sutton, West Virginia. ECF No. 1, at ¶¶ 16, 18. Defendants A. Jordan, L. Johnson, and A. Groves were Braxton County Deputy Sheriffs. Id. at ¶¶ 5-7. Defendant J.R. Garrett is a member of the West Virginia State Police. Id. at ¶ 4.

Plaintiff's girlfriend previously dated Defendant A. Jordan's brother, Tre Jordan. Id. at ¶ 12. After approaching Tre Jordan, Plaintiff "became upset, got loud, and was pushed out the front door into the parking lot." Id. at ¶¶ 22-24. Plaintiff left the

2

bar, but returned, going over the fence surrounding the bar. Id. at ¶¶ 26-29. Soon after clearing the fence, Plaintiff was knocked unconscious by someone that he did not see. Id. at ¶¶ 29-30. Once he regained consciousness, Defendants J.R. Garrett, A. Jordan, and L. Johnson were standing over him. ECF No. 1, at ¶¶ 31-32. One of the officers rolled Plaintiff on to his back and Trooper Garrett allegedly stood on Plaintiff's right arm. Id. at ¶¶ 35-36. Plaintiff claims that a video recording shows Trooper Garrett "driving his right knee into Plaintiff's back." Id. at ¶ 37.

Plaintiff alleges he was placed in handcuffs and the Braxton County Sheriff Department Defendants then began to physically assault him with their fists and by kicking him. Id. at ¶¶ 39-40. One officer allegedly drove his knee into Plaintiff's ribs. Id. The Braxton County Sheriff Department Defendants repeatedly kicked Plaintiff in the face, stomach, and chest with their boots. Id. at 42. Plaintiff was tased and told repeatedly that "this is what happens when you mess with Tre Jordan's girl." Id. at ¶ 43.

Plaintiff was then dragged to the parking lot, where Trooper Garrett poured water over his head to clean up some of the blood. Id. at ¶¶ 45-46. He was then placed in an ambulance and transported to the hospital. Id. at ¶¶ 47-48. Plaintiff sustained facial fractures and rib fractures. Id. at ¶¶ 48-49.

### III. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV.  DISCUSSION

For the reasons stated herein, the pending Motions to Dismiss [ECF Nos. 13, 19] are **GRANTED IN PART and DENIED IN PART.** Count I of Plaintiffs' Complaint is **DISMISSED** as to all Defendants to the extent it relies upon the Eighth Amendment and as to the Braxton County Sheriff Department Defendants to the extent Plaintiff relies upon the Fourteenth Amendment. Count IV for Negligence is **DISMSSED** as to all Defendants.

### A.   Count I - 42 U.S.C. § 1983(A. Jordan, L. Johnson, and A. Groves)

The Braxton County Sheriff Department Defendants argue that dismissal of Count I is proper to the extent that it is brought under the Eighth and Fourteenth Amendments of the United States Constitution. As detailed below, Count I is **DISMISSED,** to the extent that it is brought under the Eighth and Fourteenth Amendments against the Braxton County Sheriff Department Defendants because Plaintiff fails to sufficiently allege a proper claim under the Eighth or Fourteenth Amendment in Count I of his Complaint.

#### 1.   Plaintiff Failed to Allege Sufficient Facts to Support an Eighth Amendment Claim within Count I Because He Does Not Allege Any Factual Content Showing He Was Incarcerated Pursuant to a Conviction.

Plaintiff brings several constitutional claims in Count I, including a violation under the Eighth Amendment to the United States Constitution. ECF No. 1, at ¶¶ 63-72. The Eighth Amendment

5

provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. Amend. VIII.

The analysis of an excessive force claim brought pursuant to § 1983, "begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." Id. "[T]he key to this determination is [the plaintiff's] status at the time of the use of force." United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990). In other words, the Fourth Amendment protects an arrestee from the excessive use of force to effect an arrest, while a convict derives protection from such abuse while incarcerated from the Eighth Amendment. Graham, 490 U.S. at 394 ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . ."); Cobb, 905 F.2 at 788 n.7.

Here, at the time of Plaintiff's interaction with the Braxton County Sheriff Department Defendants, he was not incarcerated nor post adjudication. Because Plaintiff does not allege there was any

6

formal adjudication of guilt, Plaintiff's Eighth Amendment claim against the Braxton County Sheriff Department Defendants, as contained within Count I, is **DISMISSED** for failure to state a claim upon which relief can be granted.

### 2. Plaintiff Fails to Allege a Fourteenth Amendment Claim Because the Claim Is Covered by Another Constitutional Provision.

Plaintiff's claims against the Braxton County Sheriff Department Defendants arise out of an incident wherein he alleges he was subjected to excessive force during his arrest. See ECF No. 1. The Supreme Court has held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) (citing Graham, 490 U.S. at 394). "The Court may not entertain a due process claim where Plaintiffs allege a Fourth Amendment claim arising from the same abusive government conduct." Spry v. W. Virginia, 2017 WL 440733, at *6 (S.D.W. Va. Feb. 1, 2017) (dismissing Fourteenth Amendment claim "[b]ecause Plaintiffs' textually-specific Fourth Amendment claim affords her decedent ample protection").

Here, because Plaintiff alleges a Fourth Amendment claim arising from the same government conduct, the claim should not be

7

analyzed under the Fourteenth Amendment. The Fourth Amendment to the United States Constitution provide:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Here, the Fourth Amendment provides the specific constitutional protections Plaintiff alleges were infringed by the Braxton County Sheriff Department Defendants during the incident. As such, the Fourteenth Amendment substantive due process claim is duplicative and arises from the same alleged abusive government conduct. Accordingly, Plaintiff's Fourteenth Amendment claim against the Braxton County Sheriff Department Defendants, as contained within Count I, is **DISMISSED** for failure to state a claim upon which relief can be granted.

**B.   Count II - Civil Conspiracy (A. Jordan, L. Johnson, and A. Groves)**

To state a claim for conspiracy, a plaintiff must allege the following elements: "(1) two or more people who are named as defendants (2) agreed to commit overt tortious act(s) for a common purpose (3) committed the overt tortious act(s)(4) proximately causing Plaintiff harm." Sec. Alarm Fin. Enterprises, Inc. v. Parmer, No. 1:12CV88, 2014 WL 1478840, at *7 (N.D.W. Va. Apr. 14, 2014) (citations omitted). As such, the Complaint must "reasonably

8

lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Hinkle v. City of Clarksburg, 81 F.3d 416 (4 Cir. 1996)(citations omitted).

Here, Plaintiff has alleged parallel conduct amongst Defendants that could reasonably lead to the inference that Defendants positively or tacitly came to a mutual understanding to try to accomplish an unlawful plan. See ECF No. 1. Plaintiff's Complaint alleges that Defendants "agreed among themselves to act in concert in order to deprive Plaintiff of his constitutional rights." ECF No. 1, at ¶ 74. Additionally, "Defendants participated in and watched an open breach of the law, including the use of unreasonable force on Plaintiff, but did nothing to seek its prevention" and "each of Defendants engaged in and facilitated numerous over[t] acts." ECF No. 1, at ¶¶ 75-76. As such, this Court **DENIES** the Motion to Dismiss as to Count II against the Braxton County Sheriff Department Defendants.

**C.    Count IV - Negligence (A. Jordan, L. Johnson, and A. Groves)**

The West Virginia Governmental Tort Claims and Insurance Reform Act (the "Tort Claims Act") provides that an employee of a political subdivision is immune unless one of three circumstances is present (1) the employee was acting outside the scope of his or her employment; (2) the employee acted maliciously, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly

imposed by another code provision. West Virginia Code § 29-12A-5(b).

However, "a mere allegation of negligence cannot turn an intentional tort into negligent conduct." Weigle v. Pifer, 139 F.Supp.3d 760, 780 (S.D.W. Va 2015); see also Crawford v. Daniels, 2024 WL 1895105, at *8 (S.D.W. Va. 2024) (citations omitted) ("intentional torts and negligence are mutually exclusive."). Conduct that supports a negligence claim can be distinguished from conduct that supports an intentional tort claim by examining the subjective intent of the alleged tortfeasor. Weigle, 139 F.Supp.3d at 780 (citing Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998) ("Intentional torts, as distinguished from negligent or reckless torts ... generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'")).

Here, Plaintiff's Complaint asserts "Defendants and agents and employees were negligent in the performance of their duties within the scope of their employment and such negligence was the proximate cause of Plaintiff's injuries." ECF No. 1, at ¶ 85. As such, Plaintiff acknowledged that Braxton County Sheriff Department Defendants were acting within the scope of their employment. Therefore, Defendants are immune from those actions within the scope of their employment as employees of a political subdivision. See West Virginia Code § 29-12A-5(b).

The Complaint further alleges in Count IV that the "actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, objectively unreasonable, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages against Defendants." ECF No. 1, at ¶ 87. While this was stated for the purpose of punitive damages, it directly conflicts with a claim for negligence by stating that the actions were malicious and intentional — elements of intentional torts, not negligence. Moreover, even a cursory review of Plaintiff's factual allegations shows intentional acts such as punching and kicking. While employees of a political subdivision are not immune from actions taken "maliciously, in bad faith, or in a wanton or reckless manner," this cannot be properly characterized in the form of a claim for negligence. West Virginia Code § 29-12A-5(b). Plaintiff's response to the Braxton County Sheriff Department Defendants' Motion to Dismiss does not cite any other code provision which would expressly impose liability upon the Braxton County Sheriff Department Defendants. See ECF No. 16.

As such, Plaintiff's negligence claim against the Braxton County Sheriff Department Defendants, as contained within Count IV, is **DISMISSED** for failure to state a claim upon which relief can be granted.

**D.   Count I - 42 U.S.C. § 1983 (J.R. Garrett)**

11

In Plaintiff's Brief in Opposition to Defendant Trooper J.R. Garrett's Motion to Dismiss in Part [ECF No. 23], Plaintiff concedes that the Eighth Amendment is inapplicable under these facts. For the reasons stated above in Subsection A, Plaintiff's Eighth Amendment claim contained within Count I is **DISMISSED** as it pertains to Defendant J.R. Garrett for failure to state a claim upon which relief can be granted.

**E.   Count II — Civil Conspiracy (J.R. Garrett)**

For the reasons stated above in Subsection B, this Court **DENIES** the Motion to Dismiss as to Count II as it pertains to Defendant J.R. Garrett.

**F.   Count IV — Negligence (J.R. Garrett)**

For the reasons stated above in Subsection C, Plaintiff's negligence claim contained within Count IV is **DISMISSED** as it pertains to Defendant J.R. Garrett for failure to state a claim upon which relief can be granted.

### V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** Defendants' Motions to Dismiss [ECF Nos. 13, 19] as to Plaintiff's claims for civil conspiracy (Count II). Defendants' Motions to Dismiss [ECF No. 13, 19] are **GRANTED** as to Plaintiff's claims against the Braxton County Sheriff Department Defendants in Count I as such pertains to the Eighth and Fourteenth Amendments and

against Defendant J.R. Garrett as such pertains to the Eighth Amendment, and against all Defendants in Count IV.

Thus, the only remaining claims are Count I for excessive force as such pertains to the Fourth Amendment for the Braxton County Sheriff Department Defendants and as to the Fourth and Fourteenth Amendments for Defendant J.R. Garrett, Count II for civil conspiracy, and Count III for battery.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 27, 2025

*/s/ Thomas S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

13